UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

FRIENDS OF THE EARTH, et al.

     Plaintiffs

     v.

UNITED STATES DEPARTMENT OF
STATE

     Defendant

Civil Action No. 23-1714 (RCL)

## **ANSWER**[1]

     The United States Department of State ("Defendant" or "State") respectfully submits this

Answer to the Complaint, ECF. No. 1, filed by Friends of the Earth and Lukas Ross ("Plaintiffs").

This case arises under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552.

     To the extent the Complaint refers to or quotes from external documents, statutes, or other

sources, Defendant may refer to such materials for their accurate and complete contents in

response; however, Defendant's references are not intended to be, and should not be construed to

be, an admission that the cited materials are: (a) correctly cited or quoted by Plaintiffs; (b) relevant

to this, or any other, action; or (c) admissible in this, or any other, action. Defendant expressly

denies all allegations in the Complaint, including the relief sought, that are not specifically

admitted or otherwise qualified in this Answer. Defendant responds to the Complaint in like

numbered paragraphs as follows:

---

[1]    For ease of reference, Defendant's Answer replicates the headings contained in the
Complaint, but to the extent those headings could be construed to contain factual allegations, those
allegations are denied.

1.      This paragraph consists of Plaintiff's characterization of this action and legal conclusions to which no response is required. To the extent that a response is required, Defendant admits that on June 13, 2022, it granted expedited processing of Plaintiff's FOIA request received on May 17, 2022 (F-2022-08430) and that it is continuing to process portions of the request. Defendant denies that Plaintiff is entitled to any relief. Defendant denies the remaining allegations in this paragraph.

2.      This paragraph consists of Plaintiff's characterization of this action and legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in this paragraph.

3.      This paragraph consists of Plaintiff's characterization of this action and legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in this paragraph.

4.      Defendant admits that it received a FOIA request from Plaintiff on May 17, 2022. Defendant further admits that it denied Plaintiff's request for expedited processing of that request on May 24, 2022. To the extent that the remaining allegations in this paragraph purport to characterize the contents of the FOIA request, Defendant respectfully refers the Court to the request for a complete and accurate statement of its contents and denies any allegations inconsistent therewith. To the extent a response is required, Defendant denies the remainder of the allegations in this paragraph.

5.      Defendant admits that on May 31, 2022, Plaintiff initiated a lawsuit under the FOIA against Defendant concerning F-2022-08430. Defendant further admits that on June 13, 2022, it granted expedited processing of F-2022-08430 but denies that it has "located and processed 304 pages responsive to Friends of the Earth's expedited request" since that date. Defendant further

admits that it has not provided an estimate of the number of records (or pages of records) it has identified as potentially responsive to F-2022-08430 in response to Plaintiff's April 3, 2023, request for such information. Defendant further admits that it has not provided an estimated date of completion for the request, as its processing of the request is ongoing and factors outside of Defendant's control, including the speed at which external consultations may be completed, are unknowable to Defendant. Defendant further admits that it has not explicitly provided a production "schedule" for the request but has been producing responsive records, when available, every six weeks. The remainder of this paragraph consists of Plaintiff's characterization of the facts to which no response is required. To the extent a response is required, Defendant denies the remainder of the allegations in this paragraph.

## JURISDICTION

6.      This paragraph consists of legal conclusions, not allegations of fact, to which no response is required. To the extent a response is deemed required, Defendant admits that this Court has subject matter jurisdiction subject to the terms and limitations of the FOIA.

## PARTIES

7.      Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph. To the extent a response is required, Defendant denies the allegations in this paragraph.

8.      Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph. To the extent a response is required, Defendant denies the allegations in this paragraph.

9.      Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph. To the extent a response is required, Defendant denies the allegations in this paragraph.

10.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph. To the extent a response is required, Defendant denies the allegations in this paragraph.

11.     The paragraph consists of Plaintiff's characterization of the facts and legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in this paragraph.

### FACTS GIVING RISE TO PLAINTIFFS' CLAIMS

**A.     The Russo-Ukrainian War and Ensuing Energy Crisis**

12.     Paragraph 12 contains Plaintiff's characterization of alleged background information. These are not allegations of fact pertinent to this FOIA action to which a response is required. To the extent the allegations in this paragraph seek to provide background facts in support of allegations of public interest, Defendant admits there may be some public interest in the records sought but presently lacks knowledge or information sufficient to form a belief as to the existence or extent of any public interest, including as compared to any countervailing interests. To the extent the allegations in this paragraph are alleged for other purposes, they do not set forth claims of relief or aver facts in support of a claim, and thus the Court should strike them as immaterial and impertinent matters pursuant to Rule 12(f). To the extent a response is deemed required, Defendant denies the allegations of Paragraph 12.

13.     Paragraph 13 contains Plaintiff's characterization of alleged background information. These are not allegations of fact pertinent to this FOIA action to which a response is required. To the extent the allegations in this paragraph seek to provide background facts in support of allegations of public interest, Defendant admits there may be some public interest in the records sought but presently lacks knowledge or information sufficient to form a belief as to the existence or extent of any public interest, including as compared to any countervailing interests. To the extent

the allegations in this paragraph are alleged for other purposes, they do not set forth claims of relief or aver facts in support of a claim, and thus the Court should strike them as immaterial and impertinent matters pursuant to Rule 12(f). To the extent a response is deemed required, Defendant denies the allegations of Paragraph 13.

14.     Paragraph 14 contains Plaintiff's characterization of alleged background information. These are not allegations of fact pertinent to this FOIA action to which a response is required. To the extent the allegations in this paragraph seek to provide background facts in support of allegations of public interest, Defendant admits there may be some public interest in the records sought but presently lacks knowledge or information sufficient to form a belief as to the existence or extent of any public interest, including as compared to any countervailing interests. To the extent the allegations in this paragraph are alleged for other purposes, they do not set forth claims of relief or aver facts in support of a claim, and thus the Court should strike them as immaterial and impertinent matters pursuant to Rule 12(f). To the extent a response is deemed required, Defendant denies the allegations of Paragraph 14.

15.     Paragraph 15 contains Plaintiff's characterization of alleged background information. These are not allegations of fact pertinent to this FOIA action to which a response is required. To the extent the allegations in this paragraph seek to provide background facts in support of allegations of public interest, Defendant admits there may be some public interest in the records sought but presently lacks knowledge or information sufficient to form a belief as to the existence or extent of any public interest, including as compared to any countervailing interests. To the extent the allegations in this paragraph are alleged for other purposes, they do not set forth claims of relief or aver facts in support of a claim, and thus the Court should strike them as immaterial and

impertinent matters pursuant to Rule 12(f). To the extent a response is deemed required, Defendant denies the allegations of Paragraph 15.

**B.    The Joint Task Force**

16.    Paragraph 16 contains Plaintiff's characterization of alleged background information. These are not allegations of fact pertinent to this FOIA action to which a response is required. To the extent the allegations in this paragraph seek to provide background facts in support of allegations of public interest, Defendant admits there may be some public interest in the records sought but presently lacks knowledge or information sufficient to form a belief as to the existence or extent of any public interest, including as compared to any countervailing interests. To the extent the allegations in this paragraph are alleged for other purposes, they do not set forth claims of relief or aver facts in support of a claim, and thus the Court should strike them as immaterial and impertinent matters pursuant to Rule 12(f). To the extent a response is deemed required, Defendant denies the allegations of Paragraph 16.

17.    Paragraph 17 contains Plaintiff's characterization of alleged background information. These are not allegations of fact pertinent to this FOIA action to which a response is required. To the extent the allegations in this paragraph seek to provide background facts in support of allegations of public interest, Defendant admits there may be some public interest in the records sought but presently lacks knowledge or information sufficient to form a belief as to the existence or extent of any public interest, including as compared to any countervailing interests. To the extent the allegations in this paragraph are alleged for other purposes, they do not set forth claims of relief or aver facts in support of a claim, and thus the Court should strike them as immaterial and impertinent matters pursuant to Rule 12(f). To the extent a response is deemed required, Defendant denies the allegations of Paragraph 17.

18.     Paragraph 18 contains Plaintiff's characterization of alleged background information. These are not allegations of fact pertinent to this FOIA action to which a response is required. To the extent the allegations in this paragraph seek to provide background facts in support of allegations of public interest, Defendant admits there may be some public interest in the records sought but presently lacks knowledge or information sufficient to form a belief as to the existence or extent of any public interest, including as compared to any countervailing interests. To the extent the allegations in this paragraph are alleged for other purposes, they do not set forth claims of relief or aver facts in support of a claim, and thus the Court should strike them as immaterial and impertinent matters pursuant to Rule 12(f). To the extent a response is deemed required, Defendant denies the allegations of Paragraph 18.

19.     Paragraph 19 contains Plaintiff's characterization of alleged background information. These are not allegations of fact pertinent to this FOIA action to which a response is required. To the extent the allegations in this paragraph seek to provide background facts in support of allegations of public interest, Defendant admits there may be some public interest in the records sought but presently lacks knowledge or information sufficient to form a belief as to the existence or extent of any public interest, including as compared to any countervailing interests. To the extent the allegations in this paragraph are alleged for other purposes, they do not set forth claims of relief or aver facts in support of a claim, and thus the Court should strike them as immaterial and impertinent matters pursuant to Rule 12(f). To the extent a response is deemed required, Defendant denies the allegations of Paragraph 19.

20.     Paragraph 20 contains Plaintiff's characterization of alleged background information. To the extent the allegations in this paragraph seek to provide background facts in support of allegations of public interest, Defendant admits there may be some public interest in the

records sought but presently lacks knowledge or information sufficient to form a belief as to the existence or extent of any public interest, including as compared to any countervailing interests. To the extent the allegations in this paragraph are alleged for other purposes, they do not set forth claims of relief or aver facts in support of a claim, and thus the Court should strike them as immaterial and impertinent matters pursuant to Rule 12(f). To the extent a response is deemed required, Defendant denies the allegations of Paragraph 20.

21.     Paragraph 21 contains Plaintiff's characterization of alleged background information. To the extent the allegations in this paragraph seek to provide background facts in support of allegations of public interest, Defendant admits there may be some public interest in the records sought but presently lacks knowledge or information sufficient to form a belief as to the existence or extent of any public interest, including as compared to any countervailing interests. To the extent the allegations in this paragraph are alleged for other purposes, they do not set forth claims of relief or aver facts in support of a claim, and thus the Court should strike them as immaterial and impertinent matters pursuant to Rule 12(f). To the extent a response is deemed required, Defendant denies the allegations of Paragraph 21.

22.     Paragraph 22 contains Plaintiff's characterization of alleged background information. To the extent the allegations in this paragraph seek to provide background facts in support of allegations of public interest, Defendant admits there may be some public interest in the records sought but presently lacks knowledge or information sufficient to form a belief as to the existence or extent of any public interest, including as compared to any countervailing interests. To the extent the allegations in this paragraph are alleged for other purposes, they do not set forth claims of relief or aver facts in support of a claim, and thus the Court should strike them as

immaterial and impertinent matters pursuant to Rule 12(f). To the extent a response is deemed required, Defendant denies the allegations of Paragraph 22.

23.     Paragraph 23 contains Plaintiff's characterization of alleged background information. To the extent the allegations in this paragraph seek to provide background facts in support of allegations of public interest, Defendant admits there may be some public interest in the records sought but presently lacks knowledge or information sufficient to form a belief as to the existence or extent of any public interest, including as compared to any countervailing interests. To the extent the allegations in this paragraph are alleged for other purposes, they do not set forth claims of relief or aver facts in support of a claim, and thus the Court should strike them as immaterial and impertinent matters pursuant to Rule 12(f). To the extent a response is deemed required, Defendant denies the allegations of Paragraph 23.

24.     Paragraph 24 contains Plaintiff's characterization of alleged background information. To the extent the allegations in this paragraph seek to provide background facts in support of allegations of public interest, Defendant admits there may be some public interest in the records sought but presently lacks knowledge or information sufficient to form a belief as to the existence or extent of any public interest, including as compared to any countervailing interests. To the extent the allegations in this paragraph are alleged for other purposes, they do not set forth claims of relief or aver facts in support of a claim, and thus the Court should strike them as immaterial and impertinent matters pursuant to Rule 12(f). To the extent a response is deemed required, Defendant denies the allegations of Paragraph 24.

25.     Paragraph 25 contains Plaintiff's characterization of alleged background information. To the extent the allegations in this paragraph seek to provide background facts in support of allegations of public interest, Defendant admits there may be some public interest in the

records sought but presently lacks knowledge or information sufficient to form a belief as to the existence or extent of any public interest, including as compared to any countervailing interests. To the extent the allegations in this paragraph are alleged for other purposes, they do not set forth claims of relief or aver facts in support of a claim, and thus the Court should strike them as immaterial and impertinent matters pursuant to Rule 12(f). To the extent a response is deemed required, Defendant denies the allegations of Paragraph 25.

26.     Paragraph 26 contains Plaintiff's characterization of alleged background information. To the extent the allegations in this paragraph seek to provide background facts in support of allegations of public interest, Defendant admits there may be some public interest in the records sought but presently lacks knowledge or information sufficient to form a belief as to the existence or extent of any public interest, including as compared to any countervailing interests. To the extent the allegations in this paragraph are alleged for other purposes, they do not set forth claims of relief or aver facts in support of a claim, and thus the Court should strike them as immaterial and impertinent matters pursuant to Rule 12(f). To the extent a response is deemed required, Defendant denies the allegations of Paragraph 26.

27.     Paragraph 27 contains Plaintiff's characterization of alleged background information. To the extent the allegations in this paragraph seek to provide background facts in support of allegations of public interest, Defendant admits there may be some public interest in the records sought but presently lacks knowledge or information sufficient to form a belief as to the existence or extent of any public interest, including as compared to any countervailing interests. To the extent the allegations in this paragraph are alleged for other purposes, they do not set forth claims of relief or aver facts in support of a claim, and thus the Court should strike them as

immaterial and impertinent matters pursuant to Rule 12(f). To the extent a response is deemed required, Defendant denies the allegations of Paragraph 27.

28.     Paragraph 28 contains Plaintiff's characterization of alleged background information. To the extent the allegations in this paragraph seek to provide background facts in support of allegations of public interest, Defendant admits there may be some public interest in the records sought but presently lacks knowledge or information sufficient to form a belief as to the existence or extent of any public interest, including as compared to any countervailing interests. To the extent the allegations in this paragraph are alleged for other purposes, they do not set forth claims of relief or aver facts in support of a claim, and thus the Court should strike them as immaterial and impertinent matters pursuant to Rule 12(f). To the extent a response is deemed required, Defendant denies the allegations of Paragraph 28.

29.     Paragraph 29 contains Plaintiff's characterization of alleged background information. To the extent the allegations in this paragraph seek to provide background facts in support of allegations of public interest, Defendant admits there may be some public interest in the records sought but presently lacks knowledge or information sufficient to form a belief as to the existence or extent of any public interest, including as compared to any countervailing interests. To the extent the allegations in this paragraph are alleged for other purposes, they do not set forth claims of relief or aver facts in support of a claim, and thus the Court should strike them as immaterial and impertinent matters pursuant to Rule 12(f). To the extent a response is deemed required, Defendant denies the allegations of Paragraph 29.

30.     Paragraph 30 contains Plaintiff's characterization of alleged background information. To the extent the allegations in this paragraph seek to provide background facts in support of allegations of public interest, Defendant admits there may be some public interest in the

records sought but presently lacks knowledge or information sufficient to form a belief as to the existence or extent of any public interest, including as compared to any countervailing interests. To the extent the allegations in this paragraph are alleged for other purposes, they do not set forth claims of relief or aver facts in support of a claim, and thus the Court should strike them as immaterial and impertinent matters pursuant to Rule 12(f). To the extent a response is deemed required, Defendant denies the allegations of Paragraph 30.

31.     Paragraph 31 contains Plaintiff's characterization of alleged background information. To the extent the allegations in this paragraph seek to provide background facts in support of allegations of public interest, Defendant admits there may be some public interest in the records sought but presently lacks knowledge or information sufficient to form a belief as to the existence or extent of any public interest, including as compared to any countervailing interests. To the extent the allegations in this paragraph are alleged for other purposes, they do not set forth claims of relief or aver facts in support of a claim, and thus the Court should strike them as immaterial and impertinent matters pursuant to Rule 12(f). To the extent a response is deemed required, Defendant denies the allegations of Paragraph 31.

### C.     The Freedom of Information Act

32.     This paragraph consists of Plaintiff's characterization of the FOIA statute, not allegations of fact to which a response is required. Defendant respectfully refers the Court to the cited statute for a complete and accurate statement of its contents and denies any allegations inconsistent therewith.

33.     This paragraph consists of Plaintiff's characterization of the FOIA statute, not allegations of fact to which a response is required. Defendant respectfully refers the Court to the cited statute for a complete and accurate statement of its contents and denies any allegations inconsistent therewith.

34.     This paragraph consists of Plaintiff's characterization of the FOIA statute, not allegations of fact to which a response is required. Defendant respectfully refers the Court to the cited statute for a complete and accurate statement of its contents and denies any allegations inconsistent therewith.

35.     This paragraph consists of Plaintiff's characterization of the FOIA statute, not allegations of fact to which a response is required. Defendant respectfully refers the Court to the cited statute for a complete and accurate statement of its contents and denies any allegations inconsistent therewith.

36.     This paragraph consists of Plaintiff's characterization of the FOIA statute, not allegations of fact to which a response is required. Defendant respectfully refers the Court to the cited statute for a complete and accurate statement of its contents and denies any allegations inconsistent therewith.

37.     This paragraph consists of Plaintiff's characterization of the FOIA statute, not allegations of fact to which a response is required. Defendant respectfully refers the Court to the cited statute for a complete and accurate statement of its contents and denies any allegations inconsistent therewith.

38.     This paragraph consists of Plaintiff's characterization of the FOIA statute, not allegations of fact to which a response is required. Defendant respectfully refers the Court to the cited statute for a complete and accurate statement of its contents and denies any allegations inconsistent therewith.

39.     This paragraph consists of Plaintiff's characterization of the FOIA statute, not allegations of fact to which a response is required. Defendant respectfully refers the Court to the

cited statute for a complete and accurate statement of its contents and denies any allegations inconsistent therewith.

40.     This paragraph consists of Plaintiff's characterization of the FOIA statute, not allegations of fact to which a response is required. Defendant respectfully refers the Court to the cited statute for a complete and accurate statement of its contents and denies any allegations inconsistent therewith.

41.     This paragraph consists of Plaintiff's characterization of the FOIA statute, not allegations of fact to which a response is required. Defendant respectfully refers the Court to the cited statute for a complete and accurate statement of its contents and denies any allegations inconsistent therewith.

42.     This paragraph consists of Plaintiff's characterization of the FOIA statute, not allegations of fact to which a response is required. Defendant respectfully refers the Court to the cited statute for a complete and accurate statement of its contents and denies any allegations inconsistent therewith.

43.     This paragraph consists of Plaintiff's characterization of the FOIA statute, not allegations of fact to which a response is required. Defendant respectfully refers the Court to the cited statute for a complete and accurate statement of its contents and denies any allegations inconsistent therewith.

44.     This paragraph consists of Plaintiff's characterization of the FOIA statute, not allegations of fact to which a response is required. Defendant respectfully refers the Court to the cited statute for a complete and accurate statement of its contents and denies any allegations inconsistent therewith.

### D.   Friends of the Earth's FOIA Request

45.     Paragraph 45 contains Plaintiff's characterization of alleged background information. To the extent the allegations in this paragraph seek to provide background facts in support of allegations of public interest, Defendant admits there may be some public interest in the records sought but presently lacks knowledge or information sufficient to form a belief as to the existence or extent of any public interest, including as compared to any countervailing interests. To the extent the allegations in this paragraph are alleged for other purposes, they do not set forth claims of relief or aver facts in support of a claim, and thus the Court should strike them as immaterial and impertinent matters pursuant to Rule 12(f). To the extent a response is deemed required, Defendant denies the allegations of Paragraph 45.

46.     Paragraph 46 contains Plaintiff's characterization of alleged background information. To the extent the allegations in this paragraph seek to provide background facts in support of allegations of public interest, Defendant admits there may be some public interest in the records sought but presently lacks knowledge or information sufficient to form a belief as to the existence or extent of any public interest, including as compared to any countervailing interests. To the extent the allegations in this paragraph are alleged for other purposes, they do not set forth claims of relief or aver facts in support of a claim, and thus the Court should strike them as immaterial and impertinent matters pursuant to Rule 12(f). To the extent a response is deemed required, Defendant denies the allegations of Paragraph 46.

47.     Paragraph 47 contains Plaintiff's characterization of alleged background information. To the extent the allegations in this paragraph seek to provide background facts in support of allegations of public interest, Defendant admits there may be some public interest in the records sought but presently lacks knowledge or information sufficient to form a belief as to the existence or extent of any public interest, including as compared to any countervailing interests.

To the extent the allegations in this paragraph are alleged for other purposes, they do not set forth claims of relief or aver facts in support of a claim, and thus the Court should strike them as immaterial and impertinent matters pursuant to Rule 12(f). To the extent a response is deemed required, Defendant denies the allegations of Paragraph 47.

48.     Paragraph 48 contains Plaintiff's characterization of alleged background information. To the extent the allegations in this paragraph seek to provide background facts in support of allegations of public interest, Defendant admits there may be some public interest in the records sought but presently lacks knowledge or information sufficient to form a belief as to the existence or extent of any public interest, including as compared to any countervailing interests. To the extent the allegations in this paragraph are alleged for other purposes, they do not set forth claims of relief or aver facts in support of a claim, and thus the Court should strike them as immaterial and impertinent matters pursuant to Rule 12(f). To the extent a response is deemed required, Defendant denies the allegations of Paragraph 48.

49.     Paragraph 49 contains Plaintiff's characterization of alleged background information. To the extent the allegations in this paragraph seek to provide background facts in support of allegations of public interest, Defendant admits there may be some public interest in the records sought but presently lacks knowledge or information sufficient to form a belief as to the existence or extent of any public interest, including as compared to any countervailing interests. To the extent the allegations in this paragraph are alleged for other purposes, they do not set forth claims of relief or aver facts in support of a claim, and thus the Court should strike them as immaterial and impertinent matters pursuant to Rule 12(f). To the extent a response is deemed required, Defendant denies the allegations of Paragraph 49.

50.     Defendant admits that, on May 17, 2022, it received a FOIA request submitted by Plaintiff. To the extent that the remaining allegations in Paragraph 50 purport to characterize the contents of the FOIA request, Defendant respectfully refers the Court to that document for a complete and accurate statement of its contents and denies any allegations inconsistent therewith.

51.     Defendant admits that, on May 17, 2022, it received a FOIA request submitted by Plaintiff. To the extent that the remaining allegations in Paragraph 51 purport to characterize the contents of the FOIA request, Defendant respectfully refers the Court to that document for a complete and accurate statement of its contents and denies any allegations inconsistent therewith.

52.     Defendant admits that on May 17, 2022, it received a FOIA request submitted by Plaintiff. To the extent that the remaining allegations in Paragraph 52 purport to characterize the contents of the FOIA request, Defendant respectfully refers the Court to that document for a complete and accurate statement of its contents and denies any allegations inconsistent therewith.

53.     Defendant admits that, on May 17, 2022, it received a FOIA request submitted by Plaintiff. To the extent that the remaining allegations in Paragraph 53 purport to characterize the contents of the FOIA request, Defendant respectfully refers the Court to that document for a complete and accurate statement of its contents and denies any allegations inconsistent therewith.

54.     Defendant admits that, on May 17, 2022, it received a FOIA request submitted by Plaintiff. To the extent that the remaining allegations in Paragraph 54 purport to characterize the contents of the FOIA request, Defendant respectfully refers the Court to that document for a complete and accurate statement of its contents and denies any allegations inconsistent therewith.

55.     Defendant admits that, on May 17, 2022, it received a FOIA request submitted by Plaintiff. To the extent that the remaining allegations in Paragraph 55 purport to characterize the

contents of the FOIA request, Defendant respectfully refers the Court to that document for a complete and accurate statement of its contents and denies any allegations inconsistent therewith.

56.     Defendant admits that, on May 17, 2022, it received a FOIA request submitted by Plaintiff. To the extent that the remaining allegations in Paragraph 56 purport to characterize the contents of the FOIA request, Defendant respectfully refers the Court to that document for a complete and accurate statement of its contents and denies any allegations inconsistent therewith.

57.     Defendant admits that, on May 17, 2022, it received a FOIA request submitted by Plaintiff. To the extent that the remaining allegations in Paragraph 57 purport to characterize the contents of the FOIA request, Defendant respectfully refers the Court to that document for a complete and accurate statement of its contents and denies any allegations inconsistent therewith.

58.     Defendant admits that, on May 17, 2022, it received a FOIA request submitted by Plaintiff. To the extent that the remaining allegations in Paragraph 58 purport to characterize the contents of the FOIA request, Defendant respectfully refers the Court to that document for a complete and accurate statement of its contents and denies any allegations inconsistent therewith.

59.     Defendant admits that, on May 17, 2022, it received a FOIA request submitted by Plaintiff. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph. To the extent a response is required, Defendant denies the remaining allegations in this paragraph.

60.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph. To the extent a response is required, Defendant denies the allegations in this paragraph.

61.     Defendant admits that, on May 24, 2022, it sent an email to Plaintiff acknowledging Plaintiff's FOIA request received on May 17, 2022, and assigning it tracking number F-2022-

08430. Defendant further admits that in its May 24, 2022, email it denied Plaintiff's request for expedited processing and granted its request for a fee waiver. To the extent that the remaining allegations in Paragraph 61 purport to characterize the contents of that email, Defendant respectfully refers the Court to that document for a complete and accurate statement of its contents and denies any allegations inconsistent therewith.

62.     Defendant admits that its May 24, 2022, email directed Plaintiff to contact Defendant's FOIA Requester Service Center or the FOIA Public Liaison to obtain "an estimated date of completion" for the FOIA request. The remaining allegations in paragraph 62 consist of Plaintiff's characterization of the FOIA statute and legal conclusions, not allegations of fact to which a response is required.

63.     Defendant admits that, on May 25, 2022, it received an email from Plaintiff regarding FOIA request F-2022-08430. To the extent that the remaining allegations in Paragraph 63 purport to characterize the contents of that email, Defendant respectfully refers the Court to that document for a complete and accurate statement of its contents and denies any allegations inconsistent therewith.

64.     Defendant admits that, on May 31, 2022, Plaintiff initiated a lawsuit under the FOIA against Defendant concerning F-2022-08430. The remaining allegations in paragraph 64 consist of Plaintiff's characterization of the FOIA statute and legal conclusions, not allegations of fact to which a response is required.

65.     Defendant admits that, on June 9, 2022, Plaintiff emailed the Department of Justice ("DOJ") to confer about the litigation. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations in this paragraph. To the extent a response is required, Defendant denies the remainder of the allegations in this paragraph.

66.     Defendant admits that, on June 13, 2022, it granted expedited processing of F-2022-08430. To the extent that the remaining allegations in Paragraph 66 purport to characterize the contents of that communication, Defendant respectfully refers the Court to that document for a complete and accurate statement of its contents and denies any allegations inconsistent therewith.

67.     Defendant admits that, on June 13, 2022, the DOJ conferred with Plaintiff regarding the litigation and F-2022-08430. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph. To the extent a response is required, Defendant denies the allegations in this paragraph.

68.     Defendant admits that between June 13, 2022, and June 28, 2022, the DOJ conferred with Plaintiff regarding the litigation and F-2022-08430, including informing Plaintiff on June 28, 2022, that Defendant had responded regarding subparts one and five of the request and would be prioritizing processing of subparts three and four as Plaintiff had requested. Defendant further admits that as part of these discussions, Plaintiff provided a list of proposed search terms for subpart five of the request. Defendant further admits that, through DOJ, it explained to Plaintiff that Defendant could not run the proposed search terms in part because they were over-inclusive to the point that they resulted in more than 10,000 hits. Defendant further admits that it asked Plaintiff to attempt to reformulate subpart five of its request to more reasonably describe the records sought and render the request more susceptible to reasonable search terms, but Plaintiff refused. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph. To the extent a response is required, Defendant denies the allegations in this paragraph.

69.     Defendant admits that, on June 28, 2022, it sent a letter to Plaintiff regarding F-2022-08430 in which it stated that after multiple attempts at clarifying and/or narrowing the

scope of subpart five the request, it was denying that subpart because it did not reasonably describe the records sought. To the extent that the remaining allegations in paragraph 68 purport to characterize the contents of that communication, Defendant respectfully refers the Court to that document for a complete and accurate statement of its contents and denies any allegations inconsistent therewith.

70.     Defendant admits that it received an appeal dated August 12, 2022, of its partial denial of F-2022-08430. Defendant further admits that the appeal included a proposed set of search terms for subpart five of the request. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph. To the extent a response is required, Defendant denies the remaining allegations in this paragraph.

71.     Defendant admits that, on August 12, 2022, it made a production of records responsive to F-2022-08430. Accompanying the production was a cover letter informing Plaintiff of the current status of Defendant's processing of the request. To the extent that the remaining allegations in paragraph 71 purport to characterize the contents of that communication, Defendant respectfully refers the Court to that document for a complete and accurate statement of its contents and denies any allegations inconsistent therewith.

72.     Defendant admits that, on August 12, 2022, it made a production of records responsive to F-2022-08430 to Plaintiff. Accompanying the production was a cover letter informing Plaintiff of the status of Defendant's processing of the request. To the extent that the remaining allegations in paragraph 72 purport to characterize the contents of that communication, Defendant respectfully refers the Court to that document for a complete and accurate statement of its contents and denies any allegations inconsistent therewith.

73.     Defendant admits that, on September 23, 2022, it made a production of records responsive to F-2022-08430 to Plaintiff. By way of further answer, Defendant admits that accompanying the production was a cover letter informing Plaintiff of the status of Defendant's processing of the request. To the extent that the remaining allegations in paragraph 73 purport to characterize the contents of that communication, Defendant respectfully refers the Court to that document for a complete and accurate statement of its contents and denies any allegations inconsistent therewith.

74.     Defendant admits that, on September 28, 2022, it sent a letter to Plaintiff confirming receipt of Plaintiff's appeal dated August 12, 2022 appealing F-2022-08430 and assigning it tracking number A-2022-00372. To the extent that the remaining allegations in paragraph 74 purport to characterize the contents of that communication, Defendant respectfully refers the Court to that document for a complete and accurate statement of its contents and denies any allegations inconsistent therewith.

75.     Defendant admits that, on October 6, 2022, it sent a letter to Plaintiff regarding A-2022-00372, stating that it was "remanding your request for further processing." Defendant further admits that, consistent with its June 28, 2022, communication informing Plaintiff that Defendant would be prioritizing processing of subparts three and four of the request as Plaintiff had requested, Defendant has not communicated with Plaintiff regarding its processing of subpart five. To the extent that the remaining allegations in paragraph 75 purport to characterize the contents of that communication, Defendant respectfully refers the Court to that document for a complete and accurate statement of its contents and denies any allegations inconsistent therewith.

76.     Admitted.

77.     Defendant admits that, on November 9, 2022, it received an appeal from Plaintiff seeking disclosure of two records identified in the Department's August 12, 2022, response to F-2022-08430. To the extent that the remaining allegations in paragraph 77 purport to characterize the contents of that communication, Defendant respectfully refers the Court to that document for a complete and accurate statement of its contents and denies any allegations inconsistent therewith.

78.     Defendant admits that, on November 17, 2022, it sent a letter to Plaintiff confirming receipt of Plaintiff's appeal dated November 9, 2022, and assigning it tracking number A-2022-00372. Defendant respectfully refers the Court to that document for a complete and accurate statement of its contents and denies any allegations inconsistent therewith.

79.     Defendant admits that, on December 16, 2022, it produced documents responsive to F-2022-08430 to Plaintiff and that accompanying the production was a cover letter informing Plaintiff of the current status of Defendant's processing of the request. To the extent that the remaining allegations in paragraph 79 purport to characterize the contents of that communication, Defendant respectfully refers the Court to that document for a complete and accurate statement of its contents and denies any allegations inconsistent therewith.

80.     Admitted.

81.     Defendant admits that, on April 3, 2023, it received a letter from Plaintiff regarding F-2022-08430. To the extent that the remaining allegations in paragraph 81 purport to characterize the contents of that communication, Defendant respectfully refers the Court to that document for a complete and accurate statement of its contents and denies any allegations inconsistent therewith.

82.     Paragraph 82 contains Plaintiff's characterization of alleged background information. To the extent the allegations in this paragraph seek to provide background facts in support of allegations of public interest, Defendant admits there may be some public interest in the

records sought but presently lacks knowledge or information sufficient to form a belief as to the existence or extent of any public interest, including as compared to any countervailing interests. To the extent the allegations in this paragraph are alleged for other purposes, they do not set forth claims of relief or aver facts in support of a claim, and thus the Court should strike them as immaterial and impertinent matters pursuant to Rule 12(f). To the extent a response is deemed required, Defendant denies the allegations of Paragraph 82.

83.     Defendant admits that, on April 3, 2023, it received a letter from Plaintiff regarding F-2022-08430. To the extent that the remaining allegations in paragraph 83 purport to characterize the contents of that letter, Defendant respectfully refers the Court to that document for a complete and accurate statement of its contents and denies any allegations inconsistent therewith.

84.     Admitted.

85.     Defendant admits that, on April 21, 2023, it produced to Plaintiff 127 pages responsive to F-2022-08430 and, in a letter accompanying the production, informed Plaintiff that the pages were responsive to subpart four of the request. To the extent that the remaining allegations in paragraph 85 purport to characterize the contents of that letter, Defendant respectfully refers the Court to that document for a complete and accurate statement of its contents and denies any allegations inconsistent therewith.

86.     Defendant admits that, on June 2, 2023, it produced to Plaintiff 144 pages responsive to F-2022-08430 and, in a letter accompanying the production, informed Plaintiff that the pages were responsive to subpart four of the request. To the extent that the remaining allegations in paragraph 86 purport to characterize the contents of that letter, Defendant respectfully refers the Court to that document for a complete and accurate statement of its contents and denies any allegations inconsistent therewith.

87.     Denied.

88.     Paragraph 88 contains Plaintiff's characterization of alleged background information. To the extent the allegations in this paragraph seek to provide background facts in support of allegations of public interest, Defendant admits there may be some public interest in the records sought but presently lacks knowledge or information sufficient to form a belief as to the existence or extent of any public interest, including as compared to any countervailing interests. To the extent the allegations in this paragraph are alleged for other purposes, they do not set forth claims of relief or aver facts in support of a claim, and thus the Court should strike them as immaterial and impertinent matters pursuant to Rule 12(f). To the extent a response is deemed required, Defendant denies the allegations of Paragraph 88.

89.     Paragraph 89 contains Plaintiff's characterization of alleged background information. To the extent the allegations in this paragraph seek to provide background facts in support of allegations of public interest, Defendant admits there may be some public interest in the records sought but presently lacks knowledge or information sufficient to form a belief as to the existence or extent of any public interest, including as compared to any countervailing interests. To the extent the allegations in this paragraph are alleged for other purposes, they do not set forth claims of relief or aver facts in support of a claim, and thus the Court should strike them as immaterial and impertinent matters pursuant to Rule 12(f). To the extent a response is deemed required, Defendant denies the allegations in Paragraph 89.

90.     Denied.

91.     Denied.

92.     Defendant admits it is continuing to process subparts 3, 4, and 5 of the request. Defendant further admits it has not identified for Plaintiff every record that has yet to be produced

or withheld in response to the request, as it is logically impossible for the Department to do so before it has made those determinations.

93.     Defendant admits that it has not provided an estimated date of completion of processing for all subparts of the request, as its processing of the request is ongoing and factors outside of Defendant's control, including the speed at which external consultations may be completed, are unknowable to Defendant.

94.     Denied.

## PLAINTIFFS' CLAIMS FOR RELIEF

95.     Defendant incorporates by reference its responses set forth above.

96.     The allegations in this paragraph consist of Plaintiff's characterization of the FOIA statute and legal conclusions, not allegations of fact to which a response is required. To the extent a response is deemed required, Defendant denies the allegations in Paragraph 96.

97.     The allegations in this paragraph consist of Plaintiff's characterization of the FOIA statute and legal conclusions, not allegations of fact to which a response is required. To the extent a response is deemed required, Defendant denies the allegations in Paragraph 97.

98.     The allegations in this paragraph consist of Plaintiff's characterization of the FOIA statute and legal conclusions, not allegations of fact to which a response is required. To the extent a response is deemed required, Defendant denies the allegations in Paragraph 98.

99.     The allegations in this paragraph consist of Plaintiff's characterization of the FOIA statute and legal conclusions, not allegations of fact to which a response is required. To the extent a response is deemed required, Defendant denies the allegations in Paragraph 99.

100.    The allegations in this paragraph consist of Plaintiff's characterization of the FOIA statute and legal conclusions, not allegations of fact to which a response is required. To the extent a response is deemed required, Defendant denies the allegations in Paragraph 100.

101.    The allegations in this paragraph consist of Plaintiff's characterization of the FOIA statute and legal conclusions, not allegations of fact to which a response is required. To the extent a response is deemed required, Defendant denies the allegations in Paragraph 101.

102.    The allegations in this paragraph consist of Plaintiff's characterization of the FOIA statute and legal conclusions, not allegations of fact to which a response is required. To the extent a response is deemed required, Defendant denies the allegations in Paragraph 102.

103.    The allegations in this paragraph consist of Plaintiff's characterization of the FOIA statute and legal conclusions, not allegations of fact to which a response is required. To the extent a response is deemed required, Defendant denies the allegations in Paragraph 103.

104.    The allegations in this paragraph consist of Plaintiff's characterization of the FOIA statute and legal conclusions, not allegations of fact to which a response is required. To the extent a response is deemed required, Defendant denies the allegations in Paragraph 104.

105.    The allegations in this paragraph consist of Plaintiff's characterization of the FOIA statute and legal conclusions, not allegations of fact to which a response is required. To the extent a response is deemed required, Defendant denies the allegations in Paragraph 105.

106.    The allegations in this paragraph consist of Plaintiff's characterization of the FOIA statute and legal conclusions, not allegations of fact to which a response is required. To the extent a response is deemed required, Defendant denies the allegations in Paragraph 106.

\* \* \*

The remainder of the Complaint sets forth Plaintiffs' requested relief to which no response is required. To the extent a response is required, Defendant denies that Plaintiffs are entitled to any of the relief requested or to any relief whatsoever.

## DEFENSES

Defendant reserves its right to amend, alter, or supplement the defenses contained in this Answer as the facts and circumstances giving rise to the Complaint become known to Defendant through the course of the litigation.

1.      Plaintiffs are not entitled to compel the production of any records exempt from disclosure by one or more exemptions to the FOIA, 5 U.S.C. §552.

2.      This Court lacks subject matter jurisdiction over Plaintiffs' request to the extent that any requested relief exceeds the relief authorized by the FOIA.

3.      Plaintiffs are neither eligible for nor entitled to attorney's fees or costs.

4.      Plaintiffs are not entitled to records or portions of records not reasonably segregable from portions of records protected from disclosure by one or more of the exemptions to FOIA.

5.      Parts of Plaintiffs' FOIA request are not reasonably described, and Plaintiffs' Complaint thus fails to state a claim upon which relief can be granted.

6.      In responding to Plaintiffs' FOIA requests, Defendant is exercising due diligence considering the existence of exceptional circumstances. *See* 5 U.S.C. § 552(a)(6)(C).

7.      To the extent the Complaint alleges background facts unnecessary to the consideration of Defendant's response to the FOIA request at issue, the Complaint violates Rule 8(a)(2) by alleging information that is unnecessary to a "short and plain" statement of the claim. The Court should strike all such immaterial and impertinent matters pursuant to Rule 12(f). *See Mich. Immigr. Rts. Ctr. v. Dep't of Homeland Sec.*, Civ. A. No. 16-14192, 2017 WL 2471277, at *3 (E.D. Mich. June 8, 2017) (deeming stricken under Rule 12(f) background facts alleged in a FOIA complaint: "In this unique context, requiring Defendants to answer allegations in Plaintiffs' complaint that they would not otherwise be required to answer, and that are not material to Plaintiffs' FOIA claim, would prejudice Defendants."); *Robert v. Dep't of Just.*, Civ. A. No. 05-

2543, 2005 WL 3371480, at *11 (E.D.N.Y. Dec. 12, 2005) (striking allegations of background

facts; concluding that plaintiff's "allegations are irrelevant to the validity of [his] FOIA claims").

Date:   August 23, 2023
       Washington, DC

Respectfully submitted,

MATTHEW M. GRAVES, D.C. Bar #481052
United States Attorney

BRIAN P. HUDAK
Chief, Civil Division

By:   */s/ Sam Escher*
     SAM ESCHER, D.C. Bar #1655538
     Assistant United States Attorney
     601 D Street, N.W.
     Washington, D.C. 20530
     (202) 252-2531
     Sam.Escher@usdoj.gov

*Attorneys for the United States of America*